UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA CARELLAS<br><br>Plaintiff<br><br>vs.<br><br>GEISINGER WYOMING VALLEY MEDICAL CENTER<br><br>Defendant | Civil Action No.<br>Docket No. 5:22-cv-5181<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Anna Carellas (hereinafter "Plaintiff") residing at 13 Peace Lane, White Haven, PA 18661, by and through her attorney, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant Geisinger Wyoming Valley Medical Center (hereinafter "Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq and the Pennsylvania Human Relations Act, P.L. 744, No. 222 § 1, and as otherwise provided by law. Plaintiff is a Registered Nurse in the State of Pennsylvania, is a female, and a Greek Orthodox Christian.

1

2. Defendant is an entity operating a hospital located at 1000 E. Mountain Dr., Wilkes-Barre, PA 18711.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims arising out of the Civil Rights Act pursuant to 28 U.S.C. §1331, and has jurisdiction over Plaintiff's claims arising under Pennsylvania State Law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United State District Court, Eastern District of Pennsylvania by virtue of the location of all parties and where the events upon which Plaintiff's claims arise took place.

### I.    ALLEGATIONS OF FACT

1. Plaintiff was hired by Defendant in August of 2021 as a Registered Nurse following her graduation from nursing school that year.

2. Shortly after her employment commenced, Defendant implemented a policy which mandated that its staff be vaccinated for COVID-19, or otherwise submit a request for an exemption for medical and religious reasons.

3. In October of 2021, Plaintiff placed Defendant on notice that she required an exemption or accommodation from its requirement that she partake in the use of a COVID-19 vaccine product, as doing so would conflict with her sincerely held religious beliefs. Defendant acknowledged Plaintiff's aforesaid religious beliefs and thereafter informed Plaintiff that her request for an exemption from vaccination would be accommodated,

with one of the accommodation terms being that she submit to regular COVID-19 testing. Defendant further agreed to provide Plaintiff with the means to take said tests.

4. Thereafter, in November of 2021, Plaintiff was granted a temporary exemption from having to test for COVID-19 due to previous infection and recovery. She then received a communication from Defendant via email regarding said testing requirements for its employees. Plaintiff thereafter repeatedly attempted to contact Defendant's Employee Health department to inquire as to how and when she could receive her testing supplies via email, but received no response. She also called Employee Health repeatedly and left messages, to which she received no response.

5. Thereafter, in late December 2021, Plaintiff was advised by Defendant via email that she must begin testing in January of 2022. Plaintiff expected to hear back from Employee Health concerning how she can begin testing, but instead received a "non compliance email" on January 6, 2022, which was to have been the first day she would have been required to test. She then received a 2nd "non compliance" notice on January 13, 2022 from Defendant, which was right after what would have been her 3rd missed testing day. Plaintiff received conflicting information as to whether the Defendant's "COVID Compliance Department" or "Employee Health Department" would handle testing accommodations, and she awaited a call back from Employee Health.

6. Thereafter, Defendant hired Plaintiff's sister as a nurse's aide, and Defendant immediately supplied her sister with testing supplies. In fact, Plaintiff's clinical coordinator, Ms. Veronica Banyar, gave Plaintiff testing supplies to give to her sister on one of Plaintiff's scheduled working days, but when Plaintiff inquired as to where her

own supplies were, Plaintiff's clinical coordinator contacted Ms. Erin Winn of Defendant's Human Resources department regarding same.

7. On Saturday, January 15, 2022, Plaintiff learned that her testing supplies were in her clinical coordinator's office, however, Plaintiff was shocked to have been informed by the operations manager of her unit, Ms. Stephanie Rarig, that her employment was being terminated for "non-compliance with testing." Plaintiff explained that she intended to comply with testing, but did not receive her testing supplies from Defendant for the first time until that day. Plaintiff thereafter was given a letter from Defendant advising she was deemed to have resigned her position effective January 17, 2022, a true copy of which is attached hereto as **Exhibit "A."**

8. Plaintiff thereafter complained to Ms. Winn as to the unfair and discriminatory treatment she received from Defendant, and the propriety of its accommodation process. Plaintiff further explained that it was her understanding that per Defendant's policies and procedures in its work instructions to managers concerning ensuring employee compliance with COVID-19 testing, Ms. Rarig was supposed to discuss and address the very issues Plaintiff complained of regarding her lack of access to the means by which to fulfill her accommodation terms, ascertain that same was, in fact, the sole reason why Plaintiff did not submit test results, and remedy the situation, however, the only communication Ms. Rarig had with Plaintiff was to inform her that her employment was terminated for "non-compliance." A copy of said work instructions is attached hereto as **Exhibit "B."** Ms. Winn informed Defendant that the termination still stood, however, that Plaintiff could reapply to Defendant to be re-hired if she was "fully vaccinated," otherwise, there would need to be a "long discussion" about testing accommodations.

9. Thereafter, Plaintiff submitted the enclosed Charge of Discrimination to the EEOC on June 30, 2022, which conducted an investigation and issued the enclosed Notice of Right to Sue on September 29, 2022. True copies of both documents are attached hereto as **Exhibit "C."**

10. Defendant claimed to have granted Plaintiff a religious accommodation from its requirement that she be vaccinated for COVID-19, however, it actually failed to engage in a good faith interactive process with Plaintiff to fully apprise her of its proposed terms of accommodation and how she may comply with same, purporting that it would provide her with the means of compliance with its COVID-19 testing accommodations, but failing to actually provide same to Plaintiff, essentially trapping Plaintiff in a "Catch-22" scenario wherein it unjustly terminated her employment following its own failure to provide Plaintiff with the means of compliance with its stated accommodation terms, thereby failing to provide Plaintiff with a reasonable accommodation for her sincerely-held religious beliefs under law. Moreover, following Plaintiff's complaints concerning the way she was treated following her termination, rather than address Plaintiff's claims of discrimination, a representative of Defendant responded by insinuating that Plaintiff could be re-hired if she abandoned, violated, or otherwise acted inconsistently with her sincerely held religious beliefs against the use of a COVID-19 vaccine product, which constitutes impermissible *quid-pro-quo* discrimination in violation of law.

11. Defendant's conduct in how it treated Plaintiff, who had just begun her nursing career, following her submission of her religious accommodation request is unconscionable and violates both Federal and State Law. As a result of Defendant's conduct, Plaintiff has been damaged.

II. **CLAIMS FOR RELIEF**

**COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. It is uncontroverted that Plaintiff has a sincerely held religious belief contravening Defendant's requirement that she partake in the use of a COVID-19 vaccine product as a condition of her employment, and that Defendant acknowledged same by purporting to give Plaintiff a religious exemption from said requirement. However, as a practical matter, Defendant actually provided no accommodation to Plaintiff at all, and treated her with complete antipathy and/or disregard for her religious beliefs, ultimately terminating her employment.

3. The above-described actions of Defendant constitute unlawful employment discrimination against Plaintiff based upon her sincerely held religious beliefs, including, but not limited to, Defendant's failure to engage in a proper "interactive process" with Plaintiff despite leading her to believe that her request for a religious exemption from the use of a COVID-19 vaccine was granted, and ultimately terminating her employment after creating a scenario of its own making which rendered it impossible for Plaintiff to comply with its proposed terms of accommodation, Defendant's refusal to address Plaintiff's claims of discrimination following her termination, and informing Plaintiff she may "re-apply" if she became "fully vaccinated" constitute unlawful employment

discrimination on the basis of religion in contravention of 42 U.S.C. § 2000e et seq, in violation of Plaintiff's civil rights, under the legal theories of "failure to accommodate," "disparate treatment," "quid pro quo," and "retaliation."

4. Plaintiff has complied with the requirements of law to obtain a Notice of Right to Sue from the EEOC in order to assert a private cause of action under this Act, and the instant action was commenced within the applicable time period to do so.

5. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has been damaged.

WHEREFORE Plaintiffs demand judgment against Defendant for an award of compensatory, statutory, exemplary and/or punitive monetary damages in an amount to be determined at time of trial, together with an award of her counsel fees, pre-judgment interest accruing to the date of entry of judgment, costs of suit, and such other relief the Court deems equitable and just.

## COUNT TWO– VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT P.L. 744, No. 222 § 1

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The above-described actions of Defendant constitute unlawful employment discrimination against Plaintiff in contravention to P.L. 744, No. 222 § 1, the Pennsylvania Human Relations Act.

3. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has been damaged.

WHEREFORE Plaintiffs demand judgment against Defendant for an award of compensatory, statutory, exemplary and/or punitive monetary damages in an amount to be determined at time of trial, together with an award of her counsel fees, pre-judgment interest accruing to the date of entry of judgment, costs of suit, and such other relief the Court deems equitable and just.

Date: December 28, 2022                                         Respectfully submitted,

/s/ Daryl Kipnis (SBN 328051)
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
Telephone: (732) 595-5298
Fax: (732) 412-7925
Attorney for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues so triable pursuant to FRCP 38

Date: December 28, 2022                    Respectfully submitted,

/s/ Daryl Kipnis (SBN 328051)
daryl@kipnislawoffices.com
KIPNIS LAW OFFICES
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
Telephone: (732) 595-5298
Fax: (732) 412-7925
Attorney for Plaintiff

EXHIBIT "A"

# Geisinger

1/17/22

Dear Anna Carelias:

Our records indicate that you failed to submit self-testing results on the following testing dates:

1/6/22          1/11/22          1/13/22

Geisinger previously notified you that, as an employee with an approved exemption from receiving the COVID-19 vaccine, you were enrolled in Geisinger's COVID-19 vaccine exemption program as an accommodation. That program plays a necessary and fundamental role in our ongoing efforts to protect and prioritize the health and safety of our patients, communities, and each other.

As a reminder, your accommodation included:

- Completing COVID-19 self-testing twice per week (Tuesdays and Thursdays) until notified otherwise,
- Potentially participating in random in-person audit testing, and
- Continuing to follow Geisinger's current safety protocol for mandatory masking while on any Geisinger site (this currently applies to all Geisinger employees, regardless of vaccination status).

This correspondence serves as notice of your 3rd failure to submit self-testing results.

As previously communicated, your failure to submit self-testing results on three occasions was to be considered your declining the accommodations offered and treated as your voluntary resignation from your position. Accordingly, your failure to submit testing results is now deemed a voluntary resignation of your position effective 1/17/22.

Attached is additional information regarding your benefits and post-termination access to Workday.

If you have any questions, please reach out to the Employee Contact Center at 570-271-6640 or via email at EmployeeContactCenter@geisinger.edu.

Sincerely,

Human Resources

Cc: Employee HR File

## IMPORTANT BENEFIT AND POST-TERMINATION INFORMATION

- Per Geisinger's Introductory Period Policy, employees who have completed their six-month introductory period will receive final pay for regular hours worked and unused, accrued primary paid time off (PTO) hours direct deposited into the bank account currently on file with Geisinger. The PTO payout is scheduled to occur no later than the second pay date following your last day worked.

- The 2021 W-2 will be mailed to the home address currently on file with Geisinger. Should an address change occur prior to the end of the calendar year, please follow the steps on the attached Workday Post-Termination Access job aid to gain access to Workday. NOTE: if your personal email address is not in Workday, please reach out to the Employee Contact Center at (570) 271-6640 for further assistance.

- Medical, dental and vision benefits through Geisinger will end on  1/31/22
  Employees who were enrolled in any of these benefits will receive information and election forms for optional continuation of benefit coverage through COBRA from Vantagen, our third-party vendor. This will be mailed to the home address on file. Expect to receive these forms within 30 days of the last day of employment. NOTE: benefits will not lapse provided that COBRA coverage is elected and premium payments are submitted in a timely manner.

- Life insurance conversion information will be mailed to the home address on file for eligible employees. Forms will need to be returned to Lincoln Life along with the premium payment within 31 days of the date of termination of the group term life insurance.

- Terminated employees enrolled in a Geisinger retirement plan will be mailed information on the available options from Fidelity Investments.

- Terminated employees are not eligible for any additional payment plans.

- Unemployment compensation (UC) benefits may be available for workers who are unemployed and who meet the requirements of the PA Unemployment Compensation Law. UC claims can be filed in the first week that employment ends or work hours are reduced. For more information, visit the Pennsylvania Department of Labor and Industry's website or by calling the Department's toll-free number (888-313-7284). Note: All UC decisions are made by the PA Department of Labor, not Geisinger.

# EXHIBIT "B"

 ... 1 of 1  

## Nov. 9

**Subject:** Managers: Important information regarding your COVID-19 vaccine exempt employees

COVID-19 testing for employees with an approved medical and/or religious exemption from the COVID-19 vaccine begins Nov. 9. As a manager with at least one employee with an approved exemption, you must make sure your employee remains compliant with testing requirements.

### Check your manager dashboard each Wednesday and Friday

Employees must report their test results between 12 a.m. and 11:59 p.m. on Tuesdays and Thursdays to be compliant. You will need to view your manager dashboard (link will be sent to you this week) every Wednesday and Friday to confirm your employee's compliance with the testing program.

### What if my employee isn't compliant?

- Compliance is a condition of employment. Employees will receive warning emails for the first two instances of non-compliance. You will receive a notification on Wednesdays and Fridays if your employee was non-compliant with testing the previous day.
- You are required to respond to covidcompliance@geisinger.edu if your employee has a valid reason for the missed testing (e.g., pre-approved and scheduled PTO day, holiday or FMLA absence). If you do not reply with a valid reason before noon on Wednesday or Friday, your employee will receive a written warning email directly from the covidcompliance@geisinger.edu mailbox.
- On the third instance of testing non-compliance, your employee will be considered a voluntarily termination to due failure to participate in our program. Human Resources will provide you with a termination template to give to the employee.

### What if my employee is having issues with their testing kit?

Direct your employee to one of the laboratory medicine locations listed here. The lab team will have additional supplies and an iPad available.

### What is an acceptable reason for my employee to miss testing?

- Pre-approved PTO time
- A holiday when they are not scheduled to work
- Documented FMLA leave of absence that is approved through MATRIX

### Who do I contact with questions?



**Jan. 11**

Subject: Manager Update from HR:  Covid-19 Vaccine Exemption Employee Testing Program

Geisinger is now 2 months into our new program which requires Covid-19 self-testing and reporting every Tuesday and Thursday as a condition of ongoing employment for those employees with an approved vaccine exemption. The Human Resources team is responsible for employee compliance within this program via the Covidcompliance@geisinger.edu email.

HR is making some slight adjustments to provide you more time to respond to us when we have testing related questions related to your employee(s) in this program.  We know you and your team are very busy, and the same day deadline for your response to excuse a missed testing event is not always reasonable to meet. Thank you for your understanding and patience as we make adjustments to this new program.

Therefore, effective immediately we will follow this new schedule when reaching out to you when your employee(s) have a missed testing event.  Please note:  If your employee(s) complete all testing steps within the required time frame for every required testing date, you will not receive any compliance related email to respond to.   <u>Please ensure if you are out of the office, to place your Geisinger outlook out of office message on your emails.   This notifies our team to reach out to your leader for a response in your absence to meet these deadlines.</u>



**<u>Tuesday:  Required self-testing day</u>** (employees have 12am – 11:59pm to complete all required steps).  If missed, Manager response due:  Thursday by 12:00pm

- Wednesday (the next day): HR will run an activity report to identify any employees who missed Tuesday testing steps.  We will reach out to you Wednesday afternoon to ask you to share with us if this missed testing is for an excusable reason before a determination is made.   You will have Wednesday afternoon and Thursday morning to respond.
Thursday at noon: Deadline to respond to covidcompliance@geisinger.edu  to provide information on your employee's missed testing steps for Tuesday.

**<u>Thursday:  Required self-testing day</u>** (employees have 12am – 11:59pm to complete all required steps).  If missed, Manager response due the following Monday by 12:00pm

# EXHIBIT "C"

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br>530-2022-02414 |

**Pennsylvania Human Relations Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Miss Anna Carellas | 570-443-8783 | |

Street Address
13 Peace Lane
WHITE HAVEN, PA 18661

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Geisinger Wyoming Valley | 501+ Employees | |

Street Address
1000 E MOUNTAIN DR
WILKES BARRE, PA 18711

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Religion | Earliest: 09/17/2021    Latest: 01/17/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I began my employment with Respondent in August 2021 as a Registered Nurse. On or about September 17, 2021, I notified Respondent that I sincerely hold a religious belief that conflicts with my employers vaccination requirement. I requested a religious exemption to Respondents Covid-19 vaccination mandate, which was approved provided I submitted to weekly COVID-19 testing. My Manager, Stephanie Rarig, was supposed to have made sure I had my testing supplies to begin testing. I never received my supplies, and never heard from Ms. Rarig. I reached out multiple times to Employee Health to request the supplies (I have proof of this). I spoke to my Clinical Coordinator, Veronica Banyar, and she reached out to Erin Winn of COVID Compliance regarding the supplies. The supplies arrived on January 15, 2022, but I had already missed 3 of the mandatory testing days, which is considered a rejection of the accommodations offered. I was fired on January 17, 2022. II. I called Erin Winn of COVID Compliance, explained that I had reached out to multiple people, and provided proof of these interactions. Ms. Winn told me the termination still stood, that this would go on my record, & brushed me off. Also, the only time I ever heard from my manager, Ms. Rarig, on the issue was when she fired me. In addition, Ms. Erin Winn told me that I was at fault because I didn't reach out to the right people, excluding the fact that Ms. Rarig was also supposed to have reached out to me and made sure I had my supplies. III. I allege that I have been discriminated against and believe Respondent

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br>**Digitally Signed By: Miss Anna Carellas**<br>06/30/2022<br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br>**530-2022-02414** |
|---|---|---|
| **Pennsylvania Human Relations Commission**<br>*State or local Agency, if any* | | and EEOC |

failed to accommodate me by not providing the testing supplies and discriminated against me because of my religion (Greek Orthodox), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Miss Anna Carellas**<br>06/30/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Miss Anna Carellas
13 Peace Lane
WHITE HAVEN, PA 18661

From: Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107

| | | |
|---|---|---|
| EEOC Charge No.<br>530-2022-02414 | EEOC Representative<br>Unit Legal | Telephone No.<br>(267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Karen McDonough* (signature)

09/29/2022

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc: **Anthony Andrisano**
**Buchannan Ingersoll and Rooney**
**409 N 2ND ST STE 500**
**Harrisburg, PA 17101**
**Lisa Runco**
**Geisinger Wyoming Valley**
**100 N Academy Ave**
**Danville, PA 17822**
**Alyssa Kuhl**
**Buchannan Ingersoll and Rooney**
**409 N 2ND ST STE 500**
**Harrisburg, PA 17101**

**Daryl Kipnis**
**KIPNIS LAW OFFICES**
**280 Medford-Mt. Holly Rd.**
**Medford, NJ 08055**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 — *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*